**Beverly BISHOP et al., Appellants,**

v.

**PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Appellee.**

**No. 1–1.**

Temporary Emergency Court of Appeals.

July 19, 1972.

---

1. See Garrett v. United States, 407 F.2d 146, 150–151 (8th Cir. 1969) ; Wright, Law of Federal Courts, § 101, at p. 454 (2d ed. 1970).

---

Richard Cotton, Concord, N. H. (George Charles Bruno, Newark, N. J., of counsel on the brief), for appellants.

Martin L. Gross, Concord, N. H. (Sulloway Hollis Godfrey & Soden, Concord, N. H., on the brief), for appellee.

Before TAMM, Chief Judge, and HASTIE and ANDERSON, Judges.

PER CURIAM.

We review the case at bar on appellee's Motion to Dismiss Appeal or, in the Alternative, to Affirm Judgment of the District Court. In light of the June 1, 1972 revision of 6 C.F.R. § 300.16a(i), 37 Fed.Reg. 10,942–43, relating to public utility increases, we affirm the judgment of the district court, 340 F.Supp. 520.

This case involves the placing into effect of a rate increase promulgated by the Public Service Company of New Hampshire. The Company had filed a revised tariff with the Public Utilities Commission of the State of New Hampshire which was suspended by the Commission by virtue of the authority vested in it to suspend utility rate tariffs under New Hampshire law. The Company had arranged for its rate increase to become effective as an interim rate increase subject to accounting and refunding; however, prior to the effective date of this interim rate increase the Price Commission froze all utility rate increases. From the time of initial freeze on utility rates the Company sought on numerous occasions to place its interim rate plan into effect and the Public Utilities Commission, reacting to the various strictures and stipulations of the Price Commission, amended its order approving this action no less than four times.

At the time appellants filed their appeal with this court, there was a question as to whether the Public Service Company of New Hampshire could place an interim rate increase into effect or whether prior to placing such interim rate increase into effect it would be necessary to comply with the "good cause" certification requirements found in the earlier version of 6 C.F.R. § 300.16a(i), 37 Fed.Reg. 5701 (March 18, 1972). In view of the June 1, 1972 amendment to these sections of Part 300 of the Regulations, these questions are no longer before this court.

All public utilities intending to place an interim rate increase into effect, or continue an existing interim rate increase in effect, must now meet the three following criteria prior to the interim rate increase becoming effective:

1. The interim rate increase must either be in existence prior to March 19, 1972, and continue in force on that date *or* it must be placed into effect on or after that date; and

2. the interim rate must be promulgated prior to the certification of rules of procedure by the Commission; and

3. the interim rate increase must be in effect prior to June 1, 1972.

*See* 6 C.F.R. § 300.16a(i)(3) (June 1, 1972).*

---

\* There is a further requirement not at issue in the case at bar, which requires a public utility to furnish the regulatory agency with proof of publication in a newspaper of general circulation in the area to be effected by the interim request, of a statement that the interim rate and data in support thereof have been filed with the regulatory agency; and that members of the public may request a

It is apparent to this court that the Public Service Company of New Hampshire has complied with each of the requirements imposed by the Price Commission. Therefore, the court affirms the conclusion reached by the district court judge, without adopting his reasoning; we act solely in light of the June 1, 1972 amendment to the regulations.

Affirmed.

public proceeding on the increase to the extent provided by the agency rules of practice and procedure. A regulatory agency is empowered to authorize a different method of notice to the public, provided that such method is approved by the Commission. *See* CCH Economic Controls Stabilization Program Guidelines, ¶ 3911A.45.